Bremen House, Inc. v Lobosco (2023 NY Slip Op 01584)

Bremen House, Inc. v Lobosco

2023 NY Slip Op 01584

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, J.P., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 153788/21 Appeal No. 17571 Case No. 2022-03017 

[*1]Bremen House, Inc., Plaintiff-Respondent,
v
Frank Lobosco, Defendant-Appellant, Anthony Marino, Defendant.

Frank LoBosco, appellant pro se.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Appeal from amended order, Supreme Court, New York County (Paul A. Goetz, J), entered June 15, 2022, which granted plaintiff's motion for summary judgment on its claims for rent and additional rent, holdover use and occupancy, attorneys' fees, and a judgment of ejectment as against defendant Frank Lobosco, deemed appeals from judgments, same court and Justice, entered September 6, 2022 (CPLR 5520[c]), awarding plaintiff the sum of $144,093.80 representing upaid rent and possession of the subject premises and, as so considered, the judgments unanimously affirmed, without costs.
Plaintiff established its entitlement to summary judgment on its claims for unpaid rent and ejectment by submitting a copy of the lease showing that the lease term expired on December 31, 2020, and a rent ledger showing nonpayment of rent and the amounts owed, which defendant does not dispute (see 75 Commercial, LLC v Sung An, 209 AD3d 574, 574 [1st Dept 2022]).
Neither the affirmative defense of impossibility nor frustration of purpose apply to absolve defendant of his rent payment obligations. The COVID-19 pandemic-related regulations did not frustrate the purpose of the lease, or render defendant's business operations objectively impossible, as defendant was able to operate his coffee shop and bakery as a takeout business at all times and eventually resumed on-premise services after the restrictions were lifted (see Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575 [1st Dept 2021]; 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 561-562 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]). Defendant's force majeure defense is also unavailing, because paragraph 26 of the lease explicitly provides that defendant's rent payment obligation "shall in no wise be affected, impaired or excused," even where plaintiff is unable perform (see 558 Seventh Ave. Corp., 194 AD3d at 562). Executive Order No. 202.28 also does not excuse defendant from his rent payment obligation, as it only prohibits plaintiff from collecting "any payment, fee or charge for late payment of rent" (Executive Order [A. Cuomo] No. 202.28 [9 NYCRR 8.202.28]).
As to the cause of action for ejectment, defendant relies on a Tenant Estoppel Certificate, which purportedly granted him an option to extend the lease for an additional five-year term upon the lease's expiration. However, the certificate was a document submitted by defendant on behalf of plaintiff for mortgage refinancing purposes, and nothing indicates that it was a validly executed agreement to amend the lease to provide for an option to extend the lease.
Nothing in the lease requires plaintiff to provide defendant with a written notice of default prior to commencing this action. On the issue of attorneys' fees, paragraph 19 of the lease entitles plaintiff to recover such fees from defendant as the prevailing party in this action.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: March 23, 2023